UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:15-CV-26-GNS-HBB

JOHN WAYNE COLLINS                                                              PETITIONER

v.

RANDY WHITE, WARDEN                                                             RESPONDENT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner John Wayne Collins' ("Collins") Motion for Equitable Tolling. (Pet'r's Mot. for Equitable Tolling, DN 3). For the reasons stated below, the Court **DENIES** Collins' Motion.

### I.      BACKGROUND

On June 17, 2010, the Kentucky Supreme Court affirmed Collins' conviction and sentence in Warren Circuit Court for the commission of two murders. (Pet'r's Mot. for Equitable Tolling 1; Resp't's Resp. to Pet'r's Mot. for Equitable Tolling 2, DN 9 [hereinafter Resp't's Resp.]). The Kentucky Supreme Court denied Collins' petition for rehearing on November 18, 2010. (Pet'r's Mot. for Equitable Tolling 1; Resp't's Resp. 2). Collins filed a state habeas petition pursuant to Kentucky Rule of Criminal Procedure 11.42 ("RCr 11.42") on January 31, 2011. (Pet'r's Mot. for Equitable Tolling 2; Resp't's Resp. 3). After failing in the trial court initially and upon reconsideration, Collins appealed the denial of his RCr 11.42 to the Kentucky Court of Appeals, which entered its opinion on May 24, 2013, affirming the trial court's denial. (Pet'r's Mot. for Equitable Tolling 2-3). The Court of Appeals entered a modified decision on July 26, 2013. (Pet'r's Mot. for Equitable Tolling 3). On December 11, 2013, the Kentucky

Supreme Court denied Collins' petition for discretionary review of his RCr 11.42 motion. (Pet'r's Mot. for Equitable Tolling 3).

By letter dated December 13, 2013, Joshua A. K. McWilliams ("McWilliams"), Collins' appointed post-conviction attorney, alerted Collins that he would be "keeping [his] case and filing a Writ of Habeas Corpus in United States District Court for the Western District of Kentucky." (Pet'r's Mot. for Equitable Tolling Ex. 1 at 5, DN 3-1). Collins' sister, Ethel Roberts ("Roberts"), states that she placed two calls to McWilliams' office, one at some point before October 7, 2014, and one on October 8, 2014, inquiring about the status of Collins' case. (Roberts Aff. 1-2, DN 11-1).

McWilliams informed Collins, via lettered date February 11, 2015, that he would not be pursuing a federal habeas petition on Collins' behalf as he "concluded that the claims [he] would advance didn't past [sic] the threshold for 28 USC §2254(d)." (Pet'r's Mot. for Equitable Tolling Ex. 1 at 6). McWilliams explained that Collins could still pursue federal habeas relief *pro se*, but that "there may be procedural default issues with [Collins'] case but those can be overcome," and cited *Maples v. Thomas*, 132 S. Ct. 912 (2012), as a case into which Collins "[would] want to look." (Pet'r's Mot. for Equitable Tolling Ex. 1 at 7).

Collins and Respondent Randy White ("White") agree that Collins' petition for habeas relief pursuant to 28 U.S.C. § 2254 is time-barred absent equitable tolling. (Pet'r's Mot. for Equitable Tolling 4-5; Resp't's Resp. 8). Contemporaneously with his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, Collins filed his Motion for Equitable Tolling. (Pet'r's Mot. for Equitable Tolling 4). White has responded in opposition (Resp't's Resp.) and Collins has replied in support of his motion (Pet'r's Reply, DN 10). Accordingly, this matter is ripe for adjudication.

## II.    JURISDICTION

This Court has jurisdiction to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" pursuant to 28 U.S.C. § 2254.

## III.    DISCUSSION

"A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). This statute of limitations is subject to equitable tolling "in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted).

Collins argues that he diligently pursued his rights in both the Kentucky courts and in this Court, in that he filed his habeas petition within less than a month after receiving McWilliams' letter dated February 11, 2015. (Pet'r's Mot. for Equitable Tolling 5). He further argues that McWilliams abandoned him as a client, and that such abandonment constitutes an extraordinary circumstance. (Pet'r's Mot. for Equitable Tolling 5-8). In White's response, he maintains that Collins did not pursue his rights diligently, as he did not make efforts to contact McWilliams or anyone at the post-conviction branch of the Department of Public Advocacy despite knowing that the applicable statute of limitations was running. (Resp't's Resp. 13-14). He also argues that Collins has not alleged extraordinary circumstance as he has at best alleged attorney negligence, not attorney abandonment. (Resp't's Resp. 14-16).

The Court will assume *arguendo* that Collins diligently pursued his rights as required by *Holland*. The remaining relevant inquiry is whether McWilliams abandoned Collins or was simply negligent. If Collins can establish that McWilliams abandoned him, he will have established extraordinary circumstances sufficient to grant him equitable tolling. *Maples v. Thomas*, 132 S. Ct. 912, 923-24, 924 n.7 (2012). If Collins cannot establish abandonment, but rather only negligence on McWilliams' part, then he cannot establish the necessary extraordinary circumstances. *Maples*, 132 S. Ct. at 923.

Collins argues that McWilliams' lack of contact with Collins between the letters dated December 13, 2013, and February 11, 2015, constituted abandonment. (Pet'r's Mot. for Equitable Tolling 6-7). White notes that, due to the disengagement letter sent by appointed appellate counsel Collins was well aware of the statute of limitations and the tolling thereof during RCr 11.42 proceedings. (Resp't's Resp. 14 (citing Pet'r's Mot. for Equitable Tolling Ex. 1 at 1-2)). White notes that Collins did not allege that McWilliams refused his calls, misled him, or withdrew from representation without informing Collins. (Resp't's Resp. 15-16). He argues that without circumstances showing more than simple negligence, Collins cannot establish extraordinary circumstances. (Resp't's Resp. 15-16).

"A garden variety claim of excusable neglect" does not warrant equitable tolling. *Holland*, 560 U.S. at 651-52 (citation omitted) (internal quotation marks omitted). In *Holland*, the Supreme Court held that Holland's attorney was not guilty of mere excusable neglect. *Id.* at 652. Holland's attorney "failed to file Holland's federal petition on time despite Holland's many letters that repeatedly emphasized the importance of his doing so." *Id.* He also "apparently did not do the research necessary to find out the proper filing date, despite Holland's letters that went so far as to identify the applicable legal rules" and "failed to inform Holland in a timely manner

4

about the crucial fact that the Florida Supreme Court had decided his case, again despite Holland's many pleas for that information." *Id.* Finally, Holland's attorney "failed to communicate with his client over a period of years despite various pleas from Holland that [he] respond to [Holland's] letters." *Id.*

In this case, by contrast, Collins reached out to McWilliams only three times in fairly rapid succession shortly before the statute of limitations had run. Roberts stated in her affidavit that she called McWilliams' office twice. (Roberts Aff. 1-2). The first time, she was told that there was no record of McWilliams representing Collins. (Roberts Aff. 1). Collins then called McWilliams' office during the time period of November to mid-December 2014 and was told that emails would be sent to McWilliams and his secretary requesting the status of the case. (Pet'r's Reply 2). Roberts then placed a third phone call to McWilliams office, and was told that he was "finishing up on [Collins' case]." (Roberts Aff. 1-2).[1] While McWilliams certainly should have informed Collins in a timely fashion that he would not be filing a federal habeas petition on Collins's behalf, Collins made little effort to contact McWilliams to keep abreast of the developments in his case. McWilliams also did not forget to file a habeas petition; he simply determined that the filing would be unsuccessful and made his decision accordingly. (Pet'r's Mot. for Equitable Tolling Ex. 1 at 6-7). McWilliams did not abandon Collins, Collins simply "rested feeling confident that . . . McWilliams had his best interests at hand," rather than taking an active role in his case.

---

[1] While Roberts believes that she placed the last phone call to McWilliams on October 8, 2014, given the timeline as explained by Collins in his reply, it is more likely that on October 8, 2014, her initial call to McWilliams took place, not the later call. This means that her second call took place *after* November to mid-December 2014, as that is when Collins contacted McWilliams' office.

Collins also relies on *Maples* to establish that he was abandoned by McWilliams, rather than the victim of McWilliams' negligence. (Pet'r's Reply 2). In *Maples*, two *pro bono* attorneys based at the same large firm in New York represented Maples at the filing of his state motion for post-conviction relief. *Maples*, 132 S. Ct. at 916-17. While the motion was pending, they took new positions that disqualified them from continuing to represent Maples, but they did not tell Maple, and neither they nor local counsel moved for substitution of counsel. *Id.* The trial court denied Maples' motion, and the order was sent to the firm at which the two New York attorneys were previously employed. *Id.* at 917. The orders were returned unopened to the clerk. *Id.* Without an attorney in fact acting on his behalf, Maples' time to appeal ran out resulting in a procedural default. *Id.* The Supreme Court noted that while typically the attorney is the petitioner's agent, meaning that the petitioner "bears the risk of negligent conduct on the part of his [attorney]," this is not true when an attorney abandons his client without notice. *Id.* at 922-23 (citation omitted).

McWilliams, like the attorneys in *Maples*, changed offices. (Pet'r's Mot. for Equitable Tolling Ex. 1 at 6). Unlike the attorneys in *Maples*, however, McWilliams' February 11, 2015, letter makes clear that he continued to research and work on Maples' case. He explained the arguments he would have made in a federal habeas petition, and why he believed they would fail in light of the legal research that he had done. (Pet'r's Mot. for Equitable Tolling Ex. 1 at 6-7). Acknowledging that "there may be procedural default issues," McWilliams advised in his letter that should Collins decided to pursue a *pro se* federal habeas petition, *Maples* "should enable [Collins] to overcome procedural default issues." (Pet'r's Mot. for Equitable Tolling Ex. 1 at 7). These are not the actions of an attorney who has abandoned his client.

6

While McWilliams may have failed to communicate with Collins in a timely fashion and been incorrect about the application of *Maples* to this case, these are instances of negligence. They do not evidence abandonment or an attempt to abandon Collins. Collins has not shown the extraordinary circumstances necessary to apply equitable tolling. Accordingly, his habeas petition is untimely and must be dismissed.

## IV. CONCLUSION

For the reasons listed above, **IT IS HEREBY ORDERED** that John Wayne Collins' Motion for Equitable Tolling (DN 3) is **DENIED** and his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (DN 1) is **DISMISSED** as untimely.

**Greg N. Stivers, Judge**
**United States District Court**
September 24, 2015

cc: counsel of record
    Petitioner, *pro se*

7