UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:15-CV-26-GNS-HBB

JOHN WAYNE COLLINS                                                                    PETITIONER

v.

RANDY WHITE, WARDEN                                                                  RESPONDENT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner's Motion for Equitable Tolling (DN 3) and Plaintiff's Motion for Evidentiary Hearing (DN 22). For the reasons stated below, the Motion for Equitable Tolling is **GRANTED**, and the Motion for Evidentiary Hearing is **DENIED AS MOOT**.

### I.   BACKGROUND

Petitioner John Wayne Collins ("Collins") was convicted of murder in Warren Circuit Court. (Pet'r's Mot. Equitable Tolling 1, DN 3 [hereinafter Pet'r's Mot.]; Resp't's Resp. Pet'r's Mot. Equitable Tolling 2, DN 9 [hereinafter Resp't's Resp.]). His conviction was upheld on direct appeal to the Kentucky Supreme Court, and his petition for rehearing was denied. (Pet'r's Mot. 1; Resp't's Resp. 2). Petitioner's collateral attack of the conviction in Kentucky courts pursuant to Kentucky Rule of Criminal Procedure 11.42 ("RCr 11.42") was unsuccessful at the trial and intermediate appellate levels, and the Kentucky Supreme Court denied further review on December 11, 2013. (Pet'r's Mot. 2-3; Resp't's Resp. 3).

After Collins learned that his attorney would not be pursuing a petition for habeas corpus under 28 U.S.C. § 2254 on his behalf, Collins petitioned this Court *pro se* and moved for

equitable tolling to excuse the belated filing of his petition. This Court previously denied Collins' motion and dismissed the petition as untimely. (Mem. Op. & Order 13).

In *Collins v. White*, No. 15-6129, slip op. (6th Cir. Mar. 2, 2017), the Sixth Circuit reversed and remanded this Court's ruling. *See id.* at 5. In remanding this case, the Sixth Circuit directed this Court to consider the diligence prong under the analysis set forth in *Holland v. Florida*, 560 U.S. 631 (2010). *See id.*

## II. JURISDICTION

This Court has jurisdiction to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" pursuant to 28 U.S.C. § 2254.

## III. DISCUSSION

### A. Petitioner's Motion for Equitable Tolling

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Collins had a one-year statute of limitations that ran from the denial of his collateral attack of this state court conviction. *See* 28 U.S.C. § 2244(d)(1). The statute of limitations, however, is subject to the defense of equitable tolling in appropriate circumstances. *See Holland*, 560 U.S. at 645 (citations omitted).

In *Holland*, the Supreme Court reiterated that the defense of equitable tolling is only applicable if a petitioner shows the following: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Because the Sixth Circuit has previously concluded that Collins had satisfied the second prong, this Court's consideration is limited to the first one in determining whether to grant Petitioner's motion.

2

The diligence requirement "covers those affairs within the litigant's control . . . ." *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016). In addition, the petitioner "must have acted with reasonable diligence throughout the period he seeks to toll." *Rabbani v. United* States, 156 F. Supp. 3d 396, 403 (W.D.N.Y. 2016) (internal quotation marks omitted) (citation omitted). As the Supreme Court has explained, "[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence. *Id.* at 653 (internal quotation marks omitted) (internal citation omitted) (citation omitted). "The statute of limitations should be equitably tolled until the earliest date on which the petitioner, acting with reasonable diligence, should have filed his petition." *Kendrick v. Rapelje*, 504 F. App'x 485, 487 (6th Cir. 2012) (citing *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)). As the party seeking to apply equitable tolling, Collins bears the burden of proof. *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002) (citation omitted).

For the purpose of the Court's analysis, the key dates are as follows:

| Date | Event |
|---|---|
| 12/11/2013 | Kentucky Supreme Court denied White's motion for discretionary review of his RCr 11.42 action. (Pet'r's Mot. Equitable Tolling App., at 42, DN 1-1). |
| 12/13/2013 | Collins' counsel sent him a letter notifying him of the Kentucky Supreme Court's order. (Pet'r's Mot. 3-4). |
| 10/7/2014 & 10/8/2014 | Collins' sister, Ethel Roberts ("Roberts") attempted to contact Collins' attorney by telephone on two occasions.[1] (Roberts Aff. 1-2). According to Roberts, the office of Collins' attorney denied representation of Collins. (Roberts Aff. 1). |

---

[1] On Collins' behalf, his sister has submitted an unnotarized affidavit. (Roberts Aff., DN 11-1). Attached to that document is a printout of call log for her cell phone, which purports to reflect a call by her to Collins' attorney on October 8, 2014, at 1:53 p.m., which lasted for approximately five minutes. (Roberts Aff. 4).

3

| Date | Event |
|---|---|
| 11/2014 or 12/2014 | Collins contacted his attorney's office about the status of the petition prior to the running of the statute of limitations. (Pet'r's Reply Mot. Equitable Tolling 2, DN 10). |
| 12/21/2014 | The one-year statute of limitations in the AEDPA expires.[2] |
| 2/11/2015 | Collins' counsel sent him a letter, which was received on 2/17/2015. (Pet'r's Mot. 4). In that letter, the attorney informed Collins of his failure to file the petition and encouraged Collins to proceed *pro se*. (Pet'r's Mot. 4). |
| 2/23/2015 | Collins signed and mailed the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and the Motion for Equitable Tolling. (Pet. Writ Habeas Corpus 14, DN 1; Pet'r's Mot. 10). |
| 2/27/2015 | The petition and motion were docketed. |

In evaluating Collins' diligence, the Court believes it is beneficial to consider the diligence exercised by the petitioner in *Holland* and compare that to Collins' circumstances. In *Holland*, the petitioner did as follows:

> Holland not only wrote his attorney numerous letters seeking crucial information and providing direction; he also repeatedly contacted the state courts, their clerks, and the Florida State Bar Association in an effort to have [his attorney]—the central impediment to the pursuit of his legal remedy—removed from his case. And, the *very day* that Holland discovered that his AEDPA clock had expired due to [his attorney's] failings, Holland prepared his own habeas petition *pro se* and promptly filed it with the District Court.

*Holland*, 560 U.S. at 653. While Collins was clearly not as diligent as the petitioner in *Holland*, there is not a complete absence of diligence either. Clearly, Collins was not diligent for the first approximately ten months while the statute of limitations was running when he did not have any communications with this attorney. Thereafter, however, Collins, as well as his sister acting on his behalf, did try to contact his attorney about the status of the petition. Collins' last communication with his attorney was approximately within two months prior to the expiration of the statute of limitations. As soon as Collins learned of his attorney's failure to pursue habeas

---

[2] As Respondent noted in his response to the pending motion, Collins' filing of the RCr 11.42 motion tolled the AEDPA's limitations period before the statute had begun to accrue. (Resp't's Resp. 7).

4

relief in federal court, Collins mailed the Petition and this motion within six days. When all of these events are considered, the Court believes that this is a close call.

Because Collins was required to exercise reasonable diligence and not maximum feasible diligence, the Court concludes that Collins has satisfied his burden to proving reasonable diligence and his entitlement to equitable tolling. Accordingly, the motion will be granted, and the Petition for Habeas Corpus will proceed on its merits.

### B. Petitioner's Motion for Evidentiary Hearing

Collins has also moved for an evidentiary hearing. Because the Court finds that such a hearing is unnecessary, the motion will be denied as moot.

### IV. CONCLUSION

For the reasons listed above, **IT IS HEREBY ORDERED** that Petitioner's Motion for Equitable Tolling (DN 3) is **GRANTED**, and Plaintiff's Motion for Evidentiary Hearing (DN 22) is **DENIED AS MOOT**.

**Greg N. Stivers, Judge**
**United States District Court**
June 5, 2017

cc: counsel of record
Petitioner, *pro se*